**DAO CHUN LU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 05–2411–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

THOMAS V. MASSUCCI, New York, NY, for Petitioner.

Jennifer Lightbody, Office of Immigration Litigation, United States Department of Justice, Washington, DC (Tammy Owens Combs, Assistant United States Attorney, for James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Chattanooga, TN, on the brief), for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Dao Chun Lu, a citizen of the People's Republic of China, petitions for review of the April 22, 2005 order of the Board of Immigration Appeals ("BIA") affirming the July 18, 2003 decision of Immigration Judge ("IJ") Miriam K. Mills denying his application for aslyum and withholding of removal. *In re Dao Chun Lu*, No. A 78 750 616 (B.I.A. Apr. 22, 2005), *aff'g* No. A 78 750 616 (Immig. Ct. N.Y. City July 18, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision "minus the single argument for denying relief that was rejected by the BIA," *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005), under the substantial evidence standard, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ There is substantial evidence in the record to support the IJ's adverse credibility determination. The IJ regarded as implausible "the transmittal of an unfolded letter in an envelope about one-third its size." Although the IJ made no specific

ruling as to the credibility of the letter's contents, which purportedly constituted Lu's mother's affidavit, the IJ, after giving Lu an opportunity to explain the implausibility, reasonably declined to credit the affidavit on the basis of the dubious circumstances of its sending and receipt.

■ Where, as in *In re O–D–*, 21 I. & N. Dec. 1079 (B.I.A.1998), a respondent has "compromised the integrity of his entire claim," *id.* at 1084, by submitting a document of questionable provenance, the IJ may appropriately determine that "the remaining inconsistent record presented by the respondent is insufficient to overcome the pall cast on the respondent's credibility by virtue of his submission of [a] counterfeit document." *Id.* Here, the IJ cited other inconsistencies or omissions in the record as a basis for her adverse credibility finding. Although some of these were based on speculation, others were not. For example, the IJ found incredible Lu's claim that he worked as a messenger for the Communist Party in part because he was unable to corroborate his unlikely explanation of how he came to hold that position without any identification documents or proof of pay. The IJ also found implausible Lu's inability to produce an arrest warrant despite his claim that the Chinese government had issued such warrants. When the IJ questioned Lu about his failure to produce a warrant, Lu offered no explanation other than incorrectly claiming that he had already submitted the document to the court. We cannot "conclude that a reasonable adjudicator [would be] compelled to find otherwise" in either instance. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir.2006). These findings, coupled with Lu's submission of a questionable document, constitute substantial evidence to support the IJ's ruling.

---

* The Honorable Miriam Goldman Cedarbaum, District Judge, of the United States District Court for the Southern District of New York, sitting by designation.

Because Lu's incredible testimony and suspect document "went to the heart of [his] asylum claim," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir.2004), and the IJ's ruling is supported by substantial evidence, his claim for asylum was reasonably denied. Moreover, because the only evidence of a threat to the petitioner's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on Lu's claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.